UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SUMMER LYNN RIFENBURG,

                              Plaintiff,

                      v.

ANDREW SAUL,
Commissioner of Social Security,

                              Defendant.
_____

<u>DECISION AND ORDER</u>

18-CV-0462L

        Plaintiff, appearing pro se, appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) (the "Act") to review the Commissioner's final determination.

        Plaintiff was previously found entitled to Social Security Income benefits, following an application filed April 1, 1991. (Administrative Transcript ("Tr.") at 12). On January 13, 2015, the Social Security Administration (the "Administration") issued a notice to plaintiff that her monthly payments from December 2012 through February 2015 would be recalculated, due to changes in plaintiff's income which had resulted in an overpayment. Specifically, a total of approximately $4,379 in income had been reported from plaintiff's periodic part-time employment at Lone Star Fajita Grill ("Lone Star"), owned by Ronald R. Cauley, Jr. ("Cauley"), from 2012-2015.

        Plaintiff requested a waiver of the overpayment, claiming that she had only worked for Lone Star for a single day. Plaintiff's request was denied on February 17, 2015. (Tr. at 43-46). Plaintiff requested a hearing, which was held August 8, 2016 before Administrative Law Judge

("ALJ") Stephen Cordovani. On February 27, 2017, the ALJ issued a decision finding that the overpayment calculations were valid, that waiver was not appropriate, and that plaintiff was liable for $591.98 in overpayments for the period from March 2013-February 2015. (Tr. at 10-13). That decision became the final decision of the Commissioner when the Appeals Council denied review on March 27, 2018. (Tr. at 3-5). Plaintiff now appeals.

The Commissioner has moved for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c) (Dkt. #21), and plaintiff has filed submissions opposing the motion, and requesting reversal of the Commissioner's findings. (Dkt. #22, #23). For the reasons set forth below, the Commissioner's motion (Dkt. #21) is granted, Commissioner's determination that plaintiff was not without fault with respect to the overpayment of benefits is affirmed, and the complaint is dismissed.

## DISCUSSION

### I.    Relevant Standards

When reviewing the Commissioner's final determination, the Court's role is not to reconsider the determination de novo, but rather to determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004). Substantial evidence is "more than a mere scintilla"—it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation marks omitted).

With respect to the overpayment of Social Security benefits, "[a]n overpayment is a payment of an amount more than the amount due for a given period . . . [i]f an individual receiving SSI benefits is incorrectly paid more than the amount he is entitled to, the Commissioner is authorized to seek a repayment of the excess amount of benefits." *Mesias v. Doe,* 2012 U.S. Dist.

LEXIS 120682 at *8-*9 (E.D.N.Y. 2012) (citing 20 C.F.R. §§ 416.537 & 416.550; 42 U.S.C. §1383(b)(1)(A)). The Act permits a waiver of overpayment recovery where the overpayment recipient is (1) without fault; and (2) repayment would defeat the purpose of the Act, would be against equity and good conscience, or would impede the efficient or effective administration of the SSI program. 42 U.S.C. §1383(b)(1)(B). A finding of fault is sufficient to support the denial of a request for a waiver of overpayment. *See Chlieb v. Heckler*, 777 F.2d 842, 846 (2d Cir. 1985). Determination of whether repayment should be waived is a "two-step process: if the Commissioner's finding that the claimant was not without fault is supported by substantial evidence, there is no need to consider whether recovery of the overpayments would defeat the purpose of Title II," etc. *Langella v. Bush*, 161 Fed. Appx. 140, 142 (2d Cir. 2005) (quoting *Chlieb*, 777 F.2d 842 at 846).

The benefits recipient bears the burden to demonstrate that the overpayment was not his or her fault, and that recovery of the funds would be inequitable, or would otherwise defeat the purposes or effective administration of the Act. *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1042 (2d Cir. 1984).

## II. The Commissioner's Determination

The ALJ summarized the evidence of record, which included correspondence to plaintiff from the Administration concerning the overpayment, wage reports reflecting income in various amounts from Lone Star in 2012, 2013, 2014 and 2015, correspondence from Cauley as the owner of Lone Star, and hearing testimony from plaintiff. The ALJ also took note of records submitted by plaintiff, which included correspondence attesting to her enrollment in school, reports from the IRS and Department of Labor, and a police report filed by plaintiff, accusing Cauley of identity theft.

The ALJ's determination of fault turned primarily on his assessment of plaintiff's and Cauley's credibility. The ALJ found that Cauley had been "receptive and responsive to requests for information," and that his wage records and statements, which were consistent with the posted earnings already in the record connected with plaintiff's social security number, indicated that plaintiff earned $79-$149 per month working as a cook and cashier at Lone Star from November 2012 through January 2015. (Tr. at 12-13). Cauley indicated that "all kinds of neighbors, former employees, and customers" could attest to plaintiff's having worked at Lone Star, and claimed that plaintiff "was mad that she was 'on the books' and afraid to lose her SSI . . . that's why she would only work three hours a week." *Id*. The ALJ noted that the plaintiff had admitted at the hearing that she worked for Lone Star at one point (although plaintiff claimed it had been just once, for a single day) and that plaintiff had testified that she and Cauley were well-acquainted, because she had rented an apartment from him some time prior to his offer of employment at Lone Star.

In contrast, the ALJ found plaintiff's version of events – that she had only worked at Lone Star for one day, had been too busy with her schooling to maintain any ongoing part-time employment, and that Cauley had stolen her identity to falsify wage records reflecting work she hadn't done – to be implausible. The ALJ noted that because plaintiff had only attended school part-time, her educational records "shed[] no light on the claimant's ability to work part-time for the little time that she did at Lone Star during the period in question." (Tr. at 13). Although plaintiff had submitted copies of the identity theft complaints she had filed with various agencies, there was "no documentation from any of these Agencies or departments confirming that the claimant's allegations are accurate." *Id*. Furthermore, the ALJ found that because Lone Star had paid its share of Social Security and Medicare taxes on the earnings paid out under plaintiff's social security number, the only way plaintiff's identity theft theory "would make any sense . . . is if the

4

employer had pirated the use of the claimant's social security number for the purpose of paying someone else. Given the relatively modest payments made, this is simply not plausible, particularly in light of the fact that the claimant does acknowledge working for this employer at some point." *Id.*

Having determined that plaintiff's version of events was simply not credible, the ALJ found that plaintiff had not met her burden to show that she was not at fault with respect to the overpayment, and concluded that the overpayment should not be waived.

On appeal, plaintiff relies exclusively on the evidence and arguments that were presented to the ALJ (Dkt. #16, incorporated by reference into Dkt. #22), and offers no new evidence to rebut his findings. In sum and substance, plaintiff argues that the ALJ erred in finding Cauley's testimony concerning her employment at Lone Star credible, and should have credited her testimony instead.

"Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *Lopez v. Commissioner*, 2019 U.S. Dist. LEXIS 68837 at *9 (S.D.N.Y. 2019) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)). The Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente*, 733 F.2d 1037 at 104. Here, the ALJ carefully weighed plaintiff's and Cauley's testimony and supporting documents, and concluded that Cauley's version of events was more believable than plaintiff's. His analysis of the facts was detailed and rational, and the Court finds no factual or legal error therein. Plaintiff does not identify any evidence that the ALJ overlooked or failed to properly consider, and has submitted no new or material evidence to substantiate her claim of identity theft. Nor is there any indication

5

that the record before the ALJ was incomplete: to the contrary, the ALJ held the record open after the hearing to permit the introduction of any additional evidence plaintiff wished to add, and obtained follow-up statements from Cauley to clarify plaintiff's work history at Lone Star. *See generally Lopez*, 2019 U.S. Dist. LEXIS 68837 at *25 (the "ALJ has an obligation to develop the record in light of the non-adversarial nature of the benefit proceeding"). I therefore find that the ALJ's determination, and thus, the Commissioner's ultimate finding, was supported by substantial evidence, and was not the product of legal error.

Having determined that the Commissioner's finding that plaintiff was not without fault is supported by substantial evidence, the Court need not consider whether recovery of the overpayment would defeat the purpose of Title II, or run afoul of equity, good conscience, and efficient administration of the Act. *Lopez*, 2019 U.S. Dist. LEXIS 68837 at *13-*14.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that the Commissioner's determination – that plaintiff was not entitled to waiver of recovery of the overpayment at issue – was supported by substantial evidence, and was not based on legal error. The Commissioner's motion for judgment on the pleadings (Dkt. #21) is granted, the Commissioner's determination that plaintiff was not entitled to a waiver of the overpayment of SSI benefits is affirmed, and the complaint is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 8, 2019.