UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SUMMER LYNN RIFENBURG,

                                         Plaintiff,

                                         v.

ANDREW SAUL,
Commissioner of Social Security,

                                         Defendant.

                                                                    <u>DECISION AND ORDER</u>

                                                                    18-CV-0462L

_____

       On November 8, 2019, this Court issued a Decision and Order dismissing the plaintiff's pro se appeal of the Commissioner's decision denying her application for Social Security disability benefits. (Dkt. #25).

       Plaintiff has now filed a motion addressed to Chief Judge Frank P. Geraci (Dkt. #27) objecting to this Court's decision, and accusing this Court of bias. Plaintiff also accuses the Social Security office in Niagara Falls, New York of various misdeeds, and alleges, as she did in her underlying appeal, that the Administrative Law Judge ("ALJ") who decided her case was overheard engaging in an improper discussion of her case with others at a local restaurant.

       Construing plaintiff's pro se submissions as broadly and as favorably to plaintiff as possible, the Court interprets plaintiff's motion as one seeking reconsideration of plaintiff's underlying appeal, and/or recusal by the Court.

       Motions for reconsideration are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). Accordingly, "reconsideration will generally be denied unless the moving party

can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Furthermore, "a motion for reconsideration may not be used . . . as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). The determination of whether to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *Campos v. Zuntag*, 2016 U.S. Dist. LEXIS 48086 at *3 (E.D.N.Y. 2016).

Plaintiff's motion for reconsideration does not substantively attack the Court's November 8, 2019 Decision and Order, nor does it identify any erroneous application of fact or law, or specify any portion of the record that the Court overlooked. Rather, the motion for reconsideration reargues the merits of the underlying appeal, and raises extraneous matters which are not within the Court's jurisdiction (e.g., allegations that a particular Social Security office acted inappropriately with respect to false claims investigations, that the former acting Commissioner was not properly appointed, and that the current Commissioner "has a lot of dirty laundry"). (Dkt. #27 at 1-2). Plaintiff also seeks the Court's recusal based on speculative allegations of bias: plaintiff contends that the Court's decision violated her Sixth Amendment right to a trial by jury, and that the Court's affirmance of the Commissioner's findings amounted to "taking sides" with the Commissioner.

Initially, the Court's decision to grant the Commissioner's motion for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c) did not amount to a denial of plaintiff's Sixth Amendment rights, as the amendment applies to criminal defendants. To the extent that plaintiff intended to refer to her Seventh Amendment rights as a civil litigant, it is well settled that Congress is empowered to entrust enforcement of statutory rights to administrative processes and judicial

review "free from the strictures of the Seventh Amendment." *Bronzene v. Astrue*, 2012 U.S. Dist. LEXIS 22877 at \*27 (N.D.N.Y. 2012) (quoting *Wells v. Astrue*, 2008 U.S. Dist. LEXIS 1466 at \*18-\*19 (S.D.N.Y. 2008)). As such, a plaintiff appealing the Commissioner's denial of Social Security benefits is not entitled to a jury trial, as the Court's appellate jurisdiction is limited to a determination of whether the Commissioner's decision was based upon substantial evidence. *Id*. Plaintiff makes no other factual allegations to support recusal, and points to no aspect of the Court's decision or conduct which suggest that the Court's impartiality "might reasonably be questioned." *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987).

For these reasons, the plaintiff's motion (Dkt. #27) seeking reconsideration of the Court's November 8, 2019 Decision and Order, and/or recusal of the Court, is denied in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 5, 2019.